**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

UNITED STATES OF AMERICA,
Plaintiff,

v.

DR. ELIZABETH N. KUH,
Defendant.

Civil Action No. 19-3589

# AMENDED STIPULATED ORDER AND CONSENT JUDGMENT

This Amended Stipulated Order and Consent Judgment is entered into by and between the United States of America and Defendant Dr. Elizabeth N. Kuh (collectively, "the Parties").

## THE PARTIES

1. The Plaintiff is the United States of America, acting on behalf of the Drug Enforcement Administration (DEA) and the Office of Inspector General for the U.S. Department of Health and Human Services (OIG-HHS).

2. Defendant Dr. Elizabeth N. Kuh is a citizen of the Commonwealth of Pennsylvania and practices at 1150 East Mermaid Lane in Wyndmoor, Montgomery County, Pennsylvania, within the Eastern District of Pennsylvania. Dr. Kuh was assigned a DEA registration for prescribing Schedule II-V drugs in her practice as a doctor of medicine.

## RECITALS

3. The United States filed a complaint, (Doc. 1), against Defendant Kuh bringing civil claims for alleged violations of the Controlled Substances Act, 21 U.S.C. §§ 842(a)(1), 842(c)(1)(A), 843(f), 882(a), 829(a); 21 C.F.R. § 1306.04(a); and causing the submission of false claims to Medicare in violation of the False Claims Act, 31 U.S.C. § 3729. (Doc. 1). In particular, the United States alleged that Kuh repeatedly wrote improper controlled substance and opioid prescriptions without a "legitimate medical purpose" and outside the "usual course of

h[er] professional practice," in violation of 21 C.F.R. § 1306.04(a), with respect to two particular patients and with respect to a particular time frame as outlined in the complaint. The United States alleged that these improper prescriptions caused the submission of false claims to the Medicare Program, Title XVIII of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 ("Medicare"), which paid for the improper drugs described in the complaint.

4. The conduct described in paragraph 3, as fully outlined in the complaint, is referred to as the "Covered Conduct."

5. Defendant agreed to waive service of the complaint and summons.

6. In order to avoid the delay, uncertainty, inconvenience, and expense of protracted litigation, the Parties submitted a full and final settlement of the Covered Conduct through a Stipulated Order and Consent Judgment, which the Court approved and entered on the docket on August 19, 2019. (Doc. 3).

7. In light of COVID-19 and its financial impact, the Parties have jointly agreed to submit an amended resolution of the Covered Conduct with this Amended Stipulated Order and Consent Judgment. This Amended Stipulated Order and Consent Judgment only serves to modify the previous judgment by providing an avenue for Defendant Kuh to request from the United States Attorney's Office an extension of an upcoming payment based upon her ability to pay. The decision on whether to grant the extension remains solely within the discretion of the United States Attorney's Office based upon the financial documentation provided by Defendant Kuh, and the total amount to be paid by Defendant Kuh to satisfy her monetary exposure will remain the same, even with any granted extension. No other modifications to the Stipulated Order and Consent Judgment are contemplated or made.

## TERMS AND CONDITIONS

NOW, THEREFORE, in consideration of the mutual promises, covenants, and obligations set forth below, and for good and valuable consideration as stated herein, the Parties agree as follows:

8. Defendant consents to the entry of judgment against her and in favor of the United States of America in the amount of $250,000 (two hundred fifty thousand dollars), of which $123,627.87 (one hundred twenty three thousand six hundred twenty seven dollars and eighty seven cents) is restitution ("the settlement amount" or "judgment debt").

   a. The Settlement Amount is a debt to the United States as defined in the Federal Debt Collection Procedures Act of 1990, 28 U.S.C. §§ 3001-08, and nothing in this Amended Stipulated Order and Consent Judgment precludes the United States from taking action to collect the debt as authorized by law. The United States agrees to waive pre-judgment interest on this debt.

   b. Defendant shall pay the Settlement Amount to the United States quarterly, by paying $41,666.67 every three months, with her payments starting 60 days after the Court's entry of the initial Stipulated Order and Consent Judgment, until the Settlement Amount is fully paid.

   c. The payments shall be wired to the United States Department of Justice according to instructions to be provided by the U.S. Attorney's Office.

   d. Defendant shall notify the United States Attorney's Office, in writing, within thirty days of any change of address or employment until the judgment debt is paid in full by mailing the notice to undersigned counsel

at the United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476.

e. If Defendant Kuh believes that she is financially unable to pay an upcoming quarterly payment owed to the United States, Defendant Kuh may submit a request to the undersigned counsel at the United States Attorney's Office, 615 Chestnut Street, Suite 1250, Philadelphia, PA 19106-4476. The request shall include a certification to the United States that Defendant Kuh is unable to pay the upcoming quarterly payment to the United States, and Defendant Kuh shall supply the United States with the documentation supporting her assertion. Defendant Kuh shall submit the request no later than thirty days prior to the deadline for the quarterly payment. The decision on whether to grant the extension remains solely within the discretion of the United States based on its review of Defendant Kuh's documentation. The United States may request any additional documentation that it, in its discretion, determines is necessary to conduct its review. If the United States concludes that Defendant Kuh is financially unable to pay the upcoming quarterly payment, that decision shall act to provide Defendant Kuh with an additional three months to make the next payment. A decision by the United States to extend the payment shall not operate to forgive a payment or reduce any monetary liability, and Defendant Kuh agrees to pay the total Settlement Amount of $250,000 provided for in this Amended Stipulated Order and Consent Judgment regardless of the United States' decisions on any requests.

Defendant Kuh shall be required to submit an extension request for each quarterly payment for which she claims she is unable to pay.

9. Defendant also agrees to the following:

a. Defendant shall be permanently prevented from prescribing, distributing, or dispensing any future controlled substances, under her current DEA registration or any other DEA registration, with the exception of Schedule IIN stimulants and Schedule IV benzodiazepines.

b. As for those two limited types of controlled substance prescriptions that are excluded by paragraph 9.a, Defendant shall comply with all federal and state laws and regulations governing her prescribing. For example, Defendant shall comply with the prescription drug monitoring program requirements of Pennsylvania and any other applicable state.

**RELEASE OF CLAIMS**

10. In consideration of full and timely performance of the obligations provided in the Amended Stipulated Order and Consent Judgment, including full payment of the Settlement Amount and the promises and representations in paragraph 9, the United States releases and discharges Defendant from any civil monetary claim the United States has for the Covered Conduct under the Controlled Substances Act, 21 U.S.C. §§ 842(a)(1), 842(c)(1)(A), 829(a), and the related regulations; as well as the False Claims Act, 31 U.S.C. §§ 3729-3733; the Civil Monetary Penalties Law, 42 U.S.C. § 1320a-7a; the Program Fraud Civil Remedies Act, 31 U.S.C. §§ 3801-3812; or the common law theories of payment by mistake, unjust enrichment, and fraud.

11. In consideration of Defendant Kuh's full and timely performance of all obligations set forth in this Amended Stipulated Order and Consent Judgment including full

payment of the Settlement Amount and the promises and representations in paragraph 9, the DEA releases and refrains from instituting, directing, or maintaining any administrative action seeking any disciplinary or corrective measures against Defendant Kuh's professional licenses for the Covered Conduct. However, DEA may, in its discretion, report to, fully cooperate with, and respond to any requests by any professional licensing board regarding the Covered Conduct or any other conduct.

12. The United States may record a judgment lien against Defendant to secure payment of the consent judgment. The proceeds from the sale of any real estate in which Defendant has an interest may be used to satisfy a portion or all of the judgment.

13. Should Defendant fail to comply with the terms set forth above, any of the following may occur in the discretion of the United States:

a. The balance of the judgment shall immediately become due and payable, and the United States may proceed with administrative and judicial remedies to enforce this judgment debt, upon notice to Defendant. Notice shall be sufficient upon mailing by first class mail, postage prepaid, to Defendant's address listed above in Wyndmoor, Pennsylvania, or to any new address provided pursuant to paragraph 8.d above.

b. The United States may declare this Amended Stipulated Order and Consent Judgment violated and proceed against Defendant for enforcement through the Court, including contempt remedies. Upon seeking enforcement, Defendant agrees not to plead, argue, or otherwise raise any defense under the theories of statute of limitations, laches, estoppel, or similar theories, to any civil or administrative claims that: (a)

are filed by the United States within 30 calendar days of written notification to Defendant that the enforcement action will be initiated; and (b) relate to the Covered Conduct, except to the extent these defense were available on the date of the Court's entry of the initial Stipulated Order and Consent Judgment on August 19, 2019.

c. The United States may file an action for specific performance of the terms of this Amended Stipulated Order and Consent Judgment.

d. The United States may exercise any other right granted by law or recognizable at common law or equity; and

e. In the event the United States prevails in seeking to enforce any term of this Amended Stipulated Order and Consent Judgment, the United States shall be entitled to an award of attorney fees and costs in its favor and against Defendant for the time spent in prosecuting such action, the hourly rate for which shall be calculated in accordance with the applicable Community Legal Services of Philadelphia Fee Schedule.

14. In the event that Defendant fails to pay any amount as provided in paragraph 8 within 10 business days of the date on which such payment is due, Defendant shall be in default of her payment obligations (Default). In the event of such Default, OIG-HHS may exclude Defendant from participating in all Federal health care programs until Defendant pays the Settlement Amount and reasonable costs as set forth in paragraphs 8 and 13, above. OIG-HHS will provide written notice of any such exclusion to Defendant. Defendant waives any further notice of the exclusion under 42 U.S.C. § 1320a-7(b)(7), and agrees not to contest such exclusion either administratively or in any state or federal court. Reinstatement to program participation is

not automatic. If at the end of the period of exclusion Defendant wishes to apply for reinstatement, Defendant must submit a written request for reinstatement to OIG-HHS in accordance with the provisions of 42 C.F.R. §§ 1001.3001-.3005. Defendant will not be reinstated unless and until OIG-HHS approves such request for reinstatement

15. Notwithstanding any term of this Amended Stipulated Order and Consent Judgment, specifically reserved and excluded from the scope and terms of the releases herein as to any entity or person are the following:

a. Any liability arising under Title 26, U.S. Code (Internal Revenue Code);

b. Any criminal liability;

c. Except as explicitly stated in this Amended Stipulated Order and Consent Judgment, any administrative liability to a federal agency, including mandatory and permissive exclusion from Federal health care programs;

d. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct; and

e. Any liability based upon obligations that this Consent Order and Judgment creates.

16. Defendant waives and shall not assert any defenses that she may have to any criminal prosecution or administrative action relating to the Covered Conduct that may be based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Amended Stipulated Order and Consent Judgment bars a remedy sought in such criminal prosecution or administrative action.

## BANKRUPTCY PROVISIONS

17. The Parties warrant that, in evaluating whether to execute this Amended Stipulated Order and Consent Judgment and the previous Stipulated Order and Consent Judgment, they have: (a) intended that the mutual promises, covenants, and obligations set forth constitute a contemporaneous exchange for new value given to Defendant within the meaning of 11 U.S.C. § 547(c)(1); and (b) concluded that these mutual promises, covenants, and obligations constitute such a contemporaneous exchange. Further, the Parties warrant that the mutual promises, covenants, and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value that is not intended to hinder, delay, or defraud any entity to which Defendant was or became indebted to on or after the date of this transfer, within the meaning of 11 U.S.C. § 548(a)(1).

18. If within 91 days of the Court's entry of the initial Stipulated Order and Consent Judgment, this Amended Stipulated Order and Consent Judgment, or of any payment made pursuant thereto, Defendant or any third party commences a case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization, or relief of debtors: (a) seeking to have any order for relief of Defendant's debts, or seeking to adjudicate Defendant as bankrupt or insolvent; or (b) seeking appointment by a receiver, trustee, custodian, or other similar official for Defendant, or for all or any substantial part of Defendant's assets, Defendant agrees as follows:

a. Defendant's obligations under this Amended Stipulated Order and Consent Judgment may not be avoided pursuant to 11 U.S.C. § 547, and Defendant shall not argue or otherwise take the position in any such case, proceeding, or action that:

i. Defendant's obligations under this Amended Stipulated Order and Consent Judgment may be avoided under 11 U.S.C. § 547;

ii. Defendant was insolvent at the time the Court entered this the initial Stipulated Order and Consent Judgment, this Amended Stipulated Order and Consent Judgment, or became insolvent as a result of any payment made to the United States; or

iii. The mutual promises, covenants, and obligations set forth in the initial Stipulated Order and Consent Judgment or this Amended Stipulated Order and Consent Judgment do not constitute a contemporaneous exchange for new value given to Defendant.

b. Defendant acknowledges that she has reviewed her financial situation and that she is currently solvent within the meaning of 11 U.S.C. §§ 547(b)(3) and 548(a)(1)(B)(ii)(1), and shall remain solvent following payment to the United States of the Settlement Amount.

c. Defendant's obligations under this Amended Stipulated Order and Consent Judgment are non-dischargeable under 11 U.S.C.§ 523(a)(2) and 11 U.S.C. § 1141(d)(6)(A), regardless of whether or not the United States timely files an adversary complaint to establish a claim under 11 U.S.C. § 523(c)(1).

d. If any of Defendant's obligations under this Amended Stipulated Order and Consent Judgment are avoided for any reason, including but not limited to, through the exercise of a trustee's avoidance powers under the Bankruptcy Code, the United States, at its sole option and upon notice to

the Court, may rescind the releases contained within this Amended Stipulated Order and Consent Judgment and may bring any civil and/or administrative claim, action, or proceeding against Defendant for the claims that would otherwise be covered by the releases provided herein.

i. Any such claims, actions, or proceedings brought by the United States are not subject to an "automatic stay" pursuant to 11 U.S.C. § 362(a) as a result of the action, case, or proceedings described in this subparagraph, and Defendant or a related party shall not argue or otherwise contend that the United States' claims, actions, or proceedings are subject to an automatic stay;

ii. Defendant or a related party shall not plead, argue, or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel, or similar theories, to any such civil or administrative claims, actions, or proceedings that are brought by the United States; and

iii. Any such claims against Defendant are valid, not just for the Settlement Amount, but for the maximum potential penalty for each violation by Defendant, and the United States may pursue its claims against Defendant in this complaint as well as in any other case, action, or proceeding.

e. If a court determines that the financial obligations imposed upon Defendant by this Amended Stipulated Order and Consent Judgment are to any extent invalid or incapable of being enforced due to bankruptcy,

insolvency, reorganization, or relief of debtors, such invalidity or unenforceability shall be limited solely to those financial obligations and shall not apply to the remaining obligations imposed by this Amended Stipulated Order and Consent Judgment upon Defendant, including those created by paragraph 9. Nothing in this paragraph affects the rights created by paragraph 18.d.

## MISCELLANEOUS PROVISIONS

19. Defendant has provided Financial Information to the United States, and the United States has relied on the accuracy and completeness of that Financial Information in reaching this Agreement. Defendant warrants that the Financial Information is complete, truthful, and accurate. If the United States learns of any misrepresentation in the Financial Information, or of assets in which Defendant had an interest at the time of this Agreement that were not disclosed in the Financial Information, and if such nondisclosure or misrepresentation changes the stated net income set forth in the Financial Information by $50,000 or more or the value of the stated assets set forth in the Financial Information by 5% or more, the United States may at its option: (i) rescind this Agreement and proceed against Defendant by filing suit based on the Covered Conduct, pursuant to paragraph 13.b., or (ii) let the Agreement stand and collect the full Settlement Amount plus one hundred percent (100%) of the value of the net income or assets that were previously not disclosed, pursuant to paragraph 13.a. Defendant agrees not to contest any collection action undertaken by the United States pursuant to this provision, and immediately to pay the United States all reasonable costs incurred in such action, including attorney's fees and expenses.

20. Defendant fully and finally releases the United States, its agencies, officers, agents, employees, and servants, from any claims (including attorney's fees, costs, and expenses

of every kind and however denominated) that Defendant has asserted, could have asserted, or may assert in the future against the United States, and its agencies, officers, agents, employees, and servants related to the Covered Conduct and the United States' investigation and prosecution thereof.

21. This Amended Stipulated Order and Consent Judgment is intended to be for the benefit of the United States and Defendant only. The United States and Defendant do not release any claims against any other person or entity.

22. The Parties shall bear their own costs and attorney fees in connection with this matter, except as provided in paragraph 13.e. The Office of Inspector General for the U.S. Department of Health and Human Services may recover any investigative costs from the Settlement Amount.

23. Defendant agrees to the following:

a. <u>Unallowable Costs Defined</u>: All costs (as defined in the Federal Acquisition Regulation, 48 C.F.R. § 31.205-47; and in Titles XVIII and XIX of the Social Security Act, 42 U.S.C. §§ 1395-1395kkk-1 and 1396-1396w-5; and the regulations and official program directives promulgated thereunder) incurred by or on behalf of Defendant, in connection with:

i. the matters covered by this Amended Stipulated Order and Consent Judgment;

ii. the United States' audit(s) and civil investigation(s) of the matters covered by this Agreement;

iii. Defendant's investigation, defense, and corrective actions undertaken in response to the United States' audit(s) and civil investigation(s) in

connection with the matters covered by this Agreement (including attorney's fees);

iv. the negotiation and performance of this Agreement; and

v. the payment Defendant makes to the United States pursuant to this Agreement

are unallowable costs for government contracting purposes and under the Medicare Program, Medicaid Program, TRICARE Program, and Federal Employees Health Benefits Program (FEHBP) (hereinafter referred to as Unallowable Costs).

b. Future Treatment of Unallowable Costs: Unallowable Costs shall be separately determined and accounted for by Defendant, and Defendant shall not charge such Unallowable Costs directly or indirectly to any contracts with the United States or any State Medicaid program, or seek payment for such Unallowable Costs through any cost report, cost statement, information statement, or payment request submitted by Defendant to the Medicare, Medicaid, TRICARE, or FEHBP Programs.

c. Treatment of Unallowable Costs Previously Submitted for Payment: Defendant further agrees that within 90 days of the Effective Date of this Agreement she shall identify to applicable Medicare and TRICARE fiscal intermediaries, carriers, and/or contractors, and Medicaid and FEHBP fiscal agents, any Unallowable Costs (as defined in this paragraph) included in payments previously sought from the United States, or any State Medicaid program, including, but not limited to, payments sought in any cost reports, cost statements, information reports, or payment requests already submitted by Defendant, and shall request, and agree, that such cost reports, cost statements, information reports, or payment requests, even if already settled, be adjusted to account for the effect of the inclusion of the Unallowable Costs.

Defendant agrees that the United States, at a minimum, shall be entitled to recoup from Defendant any overpayment plus applicable interest and penalties as a result of the inclusion of such Unallowable Costs on previously-submitted cost reports, information reports, cost statements, or requests for payment.

Any payments due after the adjustments have been made shall be paid to the United States pursuant to the direction of the Department of Justice and/or the affected agencies. The United States reserves its rights to disagree with any calculations submitted by Defendant or any of its subsidiaries or affiliates on the effect of inclusion of Unallowable Costs (as defined in this paragraph) on Defendant or any of its subsidiaries or affiliates' cost reports, cost statements, or information reports.

d. Nothing in this Agreement shall constitute a waiver of the rights of the United States to audit, examine, or re-examine Defendant's books and records to determine that no Unallowable Costs have been claimed in accordance with the provisions of this paragraph.

24. This Amended Stipulated Order and Consent Judgment shall bind Defendant's heirs, administrators, executors, successors, and transferees.

25. The agreements contained within this Amended Stipulated Order and Consent Judgment constitute a complete description of the Parties' bargain. The Amended Stipulated Order and Consent Judgment may not be amended without further order of the Court. Defendant acknowledges that she entered into this Amended Stipulated Order and Consent Judgment voluntarily in order to avoid further litigation, without any degree of duress or compulsion, and upon advice of legal counsel.

26. Defendant agrees that she waives and shall not seek payment for any of the health care billings covered by this Amended Stipulated Order and Consent Judgment from any health

care beneficiaries or their parents, sponsors, legally responsible individuals, or third party payors based upon the claims defined as Covered Conduct.

27. All parties consent to the United States' disclosure of this Amended Stipulated Order and Consent Judgment, and information about this Amended Stipulated Order and Consent Judgment, to the public.

28. The undersigned counsel represent and warrant that they are fully authorized to execute this Amended Stipulated Order and Consent Judgment on behalf of the persons and entities indicated below.

29. The Parties agree that the terms of this Amended Stipulated Order and Consent Judgment are in the public interest and fair, adequate, and reasonable under all the circumstances.

30. The parties may execute this Amended Stipulated Order and Consent Judgment in counterparts. Facsimiles of signatures shall be acceptable and binding.

31. All agreements contained within this Amended Stipulated Order and Consent Judgment are contingent upon the Court's approval and entry on the case docket, and the initial Stipulated Order and Consent Judgment shall remain effective unless and until the Court approves this Amended Stipulated Order and Consent Judgment.

32. This Amended Stipulated Order and Consent Judgment is governed by the laws of the United States. The United States District Court for the Eastern District of Pennsylvania shall retain exclusive jurisdiction in this case to enforce the terms of this Amended Stipulated Order and Consent Judgment. For purposes of construing this Amended Stipulated Order and Consent Judgment, this Amended Stipulated Order and Consent Judgment shall be deemed to have been

drafted by all Parties to this Amended Stipulated Order and Consent Judgment and shall not, therefore, be construed against any Party for that reason in any subsequent dispute.

Respectfully submitted,


GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

ANTHONY SCICCHITANO
Digitally signed by ANTHONY SCICCHITANO
Date: 2020.07.06 17:42:19 -04'00'

ANTHONY D. SCICCHITANO
Assistant United States Attorney
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8380
Fax: (215) 861-8618
anthony.scicchitano@usdoj.gov


*Counsel for the United States*

Dated: July 7, 2020


DR. ELIZABETH N. KUH

JAMES J. KUTZ
Post & Schell, P.C.
17 N. Second Street
12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6038
Fax: (717) 731-1967
jkutz@postschell.com


*Counsel for Defendant Dr. Elizabeth N. Kuh*

Dated:

Respectfully submitted,

____________________________
WILLIAM M. McSWAIN
United States Attorney

____________________________
GREGORY B. DAVID
Assistant United States Attorney
Chief, Civil Division

____________________________
CHARLENE KELLER FULLMER
Assistant United States Attorney
Deputy Chief, Civil Division

____________________________
ANTHONY D. SCICCHITANO
Assistant United States Attorney
U.S. Attorney's Office
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Phone: (215) 861-8380
Fax: (215) 861-8618
anthony.scicchitano@usdoj.gov

*Counsel for the United States*

Dated:

Elizabeth N. Kuh, M.D.
DR. ELIZABETH N. KUH 5/28/20

6/2/2020
JAMES J. KUTZ
Post & Schell, P.C.
17 N. Second Street
12th Floor
Harrisburg, PA 17101
Phone: (717) 612-6038
Fax: (717) 731-1967
jkutz@postschell.com

*Counsel for Defendant Dr. Elizabeth N. Kuh*

Dated:

JAMES HISCHAR Digitally signed by JAMES HISCHAR
Date: 2020.06.10 12:21:12 -04'00'

JAMES HISCHAR
Diversion Program Manager
Drug Enforcement Administration
Philadelphia Field Division

*Representative for the Drug Enforcement Administration*

Lisa M. Re

LISA M. RE
Assistant Inspector General for Legal Affairs
Office of Counsel to the Inspector General
Office of Inspector General
U.S. Dept. of Health and Human Services

*Representative for Office of Inspector General of the U.S. Department of Health and Human Services*

Dated: 06/15/2020

**BY THE COURT:**

**/s/ Petrese B. Tucker**

**Date: July 23, 2020** **Hon. Petrese B. Tucker, U.S.D.J**